## LAKE ERIE & WESTERN RAILROAD COMPANY
### v.
## JOHN S. SCOTT.

*Railroads—Injury to Private Property through the Construction of— Damages.*

1. An owner of real estate located upon a highway, is entitled to damages when the same is rendered less safe with reference to communication with his property, through the building and operation of a railroad contiguous thereto.

2. There is no legal distinction between damages suffered in such manner and where the injury arises from the obstruction of the road itself.

3. In such cases certain elements of damage arise, so far as such property owner is concerned, which are not fully shared by the general public.

[Opinion filed December 13, 1889.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. STEVENS & HORTON and JAMES S. EWING, for appellant.

There can be no recovery where the elements of damage are speculative and imaginary, such as the danger of having horses frightened, or offensive to a sensitive taste, such as the unsightliness of an object, lawful in itself. McReynolds v. B. & O. R. R., 106 Ill. 152; P. & P. U. Ry. v. P. & F. Ry., 105 Ill. 110; Stone v. P. & N. W. R. R., 68 Ill. 394; Cooper v. Randall, 53 Ill. 24; In re Penny, 7 El. & Bl. 660; Favor v. Boston R. R., 114 Mass. 350; Cooley on Torts, p. 602.

There can be no recovery under our present constitution where the injury suffered is of the same kind as that suffered by the public. Chicago v. Union Building Ass'n, 102 Ill. 379; East St. Louis v. O'Flynn, 119 Ill. 200; McDonald v. English, 85 Ill. 232; Guest v. Reynolds, 68 Ill. 478; I. B. & W. R. R. v. Eberle, 110 Ind. 542; Roebette v. C., M. & St. P. R. R., 17 A. & E. R. R. Cas. 192; Rude v. City of St. Louis, 6 S. W. Rep. 257.

There can be no recovery, unless, under the facts, the damage complained of would give rise to a right of action at common law. Rigney v. Chicago, 102 Ill. 64; Chicago v. Un. Building Ass'n, 102 Ill. 379.

But a railroad operated by authority of law and for a lawful purpose is not a nuisance. C. & E. I. R. R. v. Loeb, 118 Ill. 203; I. C. R. R. v. Garbill, 50 Ill. 241.

And the acts complained of, viz., mental disquietude and inconveniences in mere matters of taste are not actionable. Cooper v. Randall, 53 Ill. 24; Guest v. Reynolds, 68 Ill. 478; Cooley on Torts, p. 598–602 ; Owen v. Henman, 1 Watts & S. 548; Sparhawk v. U. P. R. Co., 54 Pa. St. 401.

Nor is operating the railroad an actionable offense merely because there is a liability to frighten teams. Favor v. Boston R. R., 114 Mass. 350; P. W. & B. R. R. v. Stinger, 78 Pa. St. 219; Macomber v. Nichols, 34 Mich. 21; Stone v. F. P. & N. R. R., 68 Ill. 394; Hahn v. Southern Railway, 51 Cal. 605; Cooley on Torts, p. 617.

Hence, under the facts in this case, if plaintiff is damaged

at all, it is *damnum absque injuria.* Penn. R. R. Co. v. Lippincott, 9 At. Rep. 871; Penn. R. R. Co. v. Marchant, 13 At. Rep. 690; Trinity & S. Ry. v. Meadows, 11 S. W. Rep. 145; Boseman v. Penn. R. R. Co., 13 At. Rep. 164; Renard v. B. & W. Ry. Co., 23 N. W. Rep. 914; Florida Southern Ry. Co. v. Brown, 1 So. Rep. 512; Rude v. City of St. Louis, 6 So. W. Rep. 257; In re Penny, 7 El. & Bl. 660; Caledonian Ry. Co. v. Ogilvy, 2 Macg. 229; Ricket v. Metropolitan Ry. Co., L. R., 2 H. L. 175.

Messrs. R. B. WILLIAMS and I. N. PHILLIPS, for appellee.

CONGER, J. Appellee owns a farm of about 216 acres, bounded on the west by a public highway sixty-six feet wide, running from the city of Bloomington in a northerly direction, known as the White Oak Grove Road. The whole of the farm lies east of this highway, except at one point where a corner of one of the tracts composing the farm crosses the highway, making a small triangle containing from three to six one-hundredths of an acre on the west side of such highway.

Appellant's railroad was located and constructed in the middle of its right of way, which was one hundred feet wide, lying west of and adjoining the White Oak Grove Road. The railroad was separated from the farm by the highway, except where it touched the little triangular piece lying west of the highway.

In constructing the railroad at this point a cut was made and a portion of the earth on this triangle was dug away and removed. Appellant took no steps to have this land condemned; when the sub-contractor was grading at this point, appellee notified him not to go upon this triangle as it was his property, and the right of way had not been secured over it. In explaining their action appellant's counsel say: "Upon investigation it appeared so small and trifling, the sub-contractor was advised to go ahead with his work, and that the railroad company would settle with appellee." No settlement, however, was made, and appellee instituted the present suit.

The amended declaration upon which the case was tried

was in the nature of an action on the case, in which damages were claimed for the trespass and excavation upon the triangular piece lying west of the highway, and for damages to all the land lying upon the east side of the highway.    In the declaration it is averred that by reason of defendant entering upon and digging up and carrying away the soil and earth from plaintiff's land, and by reason of defendant constructing its said railroad as above stated, so near to said highway and so near plaintiff's land, and continuing to operate the same, defendant thereby became liable to pay to plaintiff all damages that the construction and operation of its said railroad will cause or has caused, to the residue of said body of land, not in fact entered upon and despoiled.    It is then further averred, the construction and operation of said railroad, in the manner and way it is constructed and operated, will and does greatly injure the rest of said body of land, not entered upon and despoiled in this: that it makes, and will through all coming time while such lands are used for farming purposes, the approach to and from the dwelling house and the other buildings on the west side of said lands over said highway, unsafe and dangerous to travel on and over in carriages or other vehicles drawn by horses or other animals; that the deep cut and high embankment immediately in front of and near plaintiff's land, makes the appearance of such farm unsightly, and otherwise injuriously affects it; and that the construction and operation of said railroad, as aforesaid, renders said farm less convenient and comfortable as a place of residence, and also renders such lands less safe and convenient for farming purposes, particularly in handling stock upon it.    It is then averred that " by reason of the wrongful acts and doings of defendant, as aforesaid, and the injuries done to plaintiff's lands, as aforesaid, the salable value of said land is thereby greatly decreased."

Pleas were filed by appellant, a trial had before a jury, who returned a verdict for appellee in the sum of $500, upon which judgment was rendered.    There can be no question that appellee was entitled to recover damages occasioned by the entering upon and removing or distributing the soil upon

the premises west of the highway, but it is strenuously insisted that for such damages to the remainder of the farm as are claimed in the declaration, there can be no recovery.

The evidence was conflicting. Appellee's witnesses testified that the construction and operation of the road would damage appellee's farm to the extent of $6 to $10 per acre, decrease its rental and salable value; while the witnesses for appellant think there would be no substantial damage. Under these circumstances the jury were warranted in their verdict, if the law as applicable to the case was properly applied. The instructions given appellee upon this subject were as follows:

" 2. The court instructs the jury on behalf of plaintiff that the true measure of compensation, where no land is taken for the right of way for a railroad upon which to construct a road bed and track is the difference between what the whole property would have sold for, unaffected by the railroad, and what it would sell for as affected by it.

" 3. The constitution of this State declares : 'Private property shall not be taken or damaged for public use without just compensation,' and the jury are instructed it will be presumed the framers of that instrument used the word 'damaged' in that connection in its ordinary and popular sense, which is hurt, injury or loss, and that 'the damage contemplated by the constitution' in cases where no land is actually taken, 'must be an actual diminution of present value or of price, caused by constructing and operating the road, or a physical injury to property that renders it less valuable in the market if offered for sale.'

" 4. If the jury believe from the evidence that plaintiff is the owner in fee simple of the land described in the declaration, and that the defendant railroad company in constructing its road bed and track entered upon any portion of plaintiff's said land and dug up and carried away the soil, and that such acts were a physical injury to such lands or any part thereof, and if the jury further believe from the evidence the construction of defendant's road bed and track along, near and adjacent to plaintiff's land, and its contemplated maintenance and operation, if the jury believe from the evidence they are

so constructed, and that defendant intends to maintain and operate the same, are an actual damage to his lands and do in fact render the same less valuable in the market if offered for sale, then the law is for plaintiff, and the jury should find for him; and the jury are instructed as a matter of law plaintiff is entitled to recover for any depreciation—if the jury believe from the evidence there has been any depreciation—in the market value of plaintiff's lands not actually entered upon by reason of the construction, maintenance and operation by defendant of its railroad as constructed, and also for any physical injuries done to that portion of plaintiff's land upon which defendant did actually enter—if the jury believe from the evidence defendant did enter upon any portion of plaintiff's lands described in the declaration and did cause any physical injuries to the same.

"5.    The jury are further instructed on behalf of the plaintiff that in determining whether plaintiff's lands are lessened in value by reason of the construction and the proposed operation of the railroad, then the jury may consider the injury to plaintiff's lands, if any is proved, arising from the inconveniences actually brought about and occasioned by the construction of defendant's railroad, although such damage might not be susceptible of definite ascertainment; and may also consider such incidental injury as the proof may show might or would result from the perpetual use of the track for moving trains, or from the inconveniences in using said lands for farming purposes and in handling stock upon it, if the proof shows such railroads would occasion any such inconveniences; and they may consider generally such damage as the evidence may show, if any are reasonably probable to ensue from the construction and operation of defendant's said railroad."

Witnesses for appellee seem to base their idea of the damages upon the supposition that the construction and operation of the road so near the highway has rendered it dangerous and unsafe to travel upon, made the egress and ingress from the farm onto the highway with teams and stock more dangerous, rendering the farm less safe and convenient, and thereby reduced the value of appellee's farm.

Appellant insists that in all this evidence, "appellee has shown no injury or damages not suffered in common with the general public, for which the law affords him no redress."

We can not assent to this view. The damages spoken of by the witnesses in reference to making the highway more dangerous are, to some extent, shared with appellee by the public, and in so far as they are common to both no right of action exists. But there are elements of damage affecting the value of appellee's farm which do not in any way affect the public. A highway beside a farm may and generally does give it an increased value, depending to some extent upon the location of the buildings, and the character and degree of use the owner may have for such highway. In so far as its use is interfered with, or destroyed, the value of the farm is lessened, and for that the owner should recover, for he sustains some special pecuniary damages in excess of that sustained by the public generally.

But it is urged that the damages claimed arise, not from any physical invasion or disturbance of appellee's property, or actual encroachment upon the highway, but alone from the injury to the use and enjoyment thereof caused by the operation of the railroad; that such operation being lawful and confined to appellant's right of way, the damages arising therefrom to appellee would be *damnum absque injuria*. We admit there is force in this suggestion, and so far as we are aware this precise question has not been passed upon by the Supreme Court. The nearest approach to it is in the case of Rigney v. City of Chicago, 102 Ill. 64, where there was no direct interference with the premises of Rigney, but an obstruction placed in the street at a distance therefrom, thereby injuring the use of the street, or, as stated in the opinion, " it is not pretended or claimed that the plaintiff's possession has been disturbed, or that any direct physical injury has been done to his premises by reason of the obstruction in question. The gravamen of the plaintiff's complaint is, that the defendant, in cutting off his communication with Halsted street by way of Kinzie street, has deprived him of a public right which he enjoyed in connection with his premises, and

L. E. & W. R. R. Co. v. Scott.

thereby inflicted upon him an injury in excess of that shared by him with the public generally, and it is for this excess he seeks to recover, and nothing more;" and the court says : " If the lot and buildings of appellant are to be regarded as property, and not merely the subject of property, as, strictly speaking, they are, then there has clearly been no physical injury to it; but if by property is meant the right of user, enjoyment and disposition of the lot and buildings, then it is evident there has been a direct physical interference with appellant's property, and when considered from this aspect, it may appropriately be said the injury to the property is direct and physical."

We are inclined to think there is no good reason for distinguishing between an injury arising from an interference with appellee's right to the advantages the highway gave his farm, caused by a physical obstruction placed therein, as in the foregoing case, and where the same kind of an injury is produced by the operation of trains beside it. In either case the advantages given the farm by the highway have to some extent been destroyed, and the land lessened in value.

If it be conceded that the result of operating the road has in fact injured appellee's farm in a way not common to the public and thereby made it less valuable, it would seem to follow as a necessary consequence, that it has been damaged for public use. Such operation being lawful, and confined to the right of way, does not release appellant from liability, for it would clearly be liable for damages caused by an unlawful act, and, as we understand the constitutional provision that private property shall not be taken nor damaged for public use without just compensation, it means to cover cases where damages are caused by acts that are legal and entirely within the powers of the corporation performing them, but in the doing of which for the use and benefit of the public, private property is damaged. It follows, therefore, that appellant's proposition that "a corporation is not liable unless an individual doing the same thing on his private property would be," as applied to this case, is not sound.

An individual can not legally take or damage private prop-

erty for public use, but a railroad company can lawfully do either, if, in so doing, it makes compensation.

It has been suggested that if this recovery can be sustained, it would authorize repeated suits, upon the theory that a new injury is caused by every passing train, thus giving ground for successive actions. This is a misapprehension of the true grounds upon which the right of recovery rests. The damage to appellee is caused by the construction of the road in such place, as the proper and only way of operating it did of necessity from that time, injure the farm and lessen its value. It is the right which appellant has, at its pleasure and for all future time to operate its trains, that at once depreciates the value of the farm, and not the effect produced by the passing of particular trains or any particular injury or accident that may occur to appellee's property therefrom; hence, the damages arose at the time of the construction of the road, and were then capable of being determined once for all.

Believing that this view of the law is within the spirit and meaning of the constitutional provision alluded to, and has been fairly applied by the court below, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*